**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0373-19T1

IN THE MATTER OF MATTHEW
BERMUDEZ, POLICE OFFICER
(S9999U), LINDEN.

_____

Submitted January 5, 2021 – Decided January 22, 2021

Before Judges Yannotti and Mawla.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-1649.

Harkavy Goldman Goldman & Gerstein, attorneys for appellant Matthew Bermudez (Brian M. Gerstein, on the brief).

Apruzzese McDermott Mastro & Murphy, attorneys for respondent City of Linden (Robert J. Merryman, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Jonathan S. Sussman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Matthew Bermudez appeals from a final decision of the Civil Service Commission (Commission) dated August 16, 2019, which upheld his removal from the eligibility list for the position of police officer in the City of Linden (the City). We affirm.

The City's police department employed Bermudez as a public safety telecommunicator since 2012. In 2015, he completed the written portion of the civil service exam, scored a 92.7%, and ranked twenty-seventh on the eligibility list for the position of police officer.

In his pre-employment background investigation, Bermudez indicated he had been terminated from employment with a bank in 2010 for leaving the grounds without permission and terminated from a fast food job in 2007 due to a "no-show." The City disciplined Bermudez during his employment in 2013, 2014, and 2017. He also admitted he "was arrested [on] . . . bench warrants for moving violations in Union, Watchung, Mountainside, [and] Piscataway."

Bermudez's driving record revealed the following citations: careless driving in 2003; speeding in 2004, 2006 (two), and 2007; improper passing in 2005; improper display/fictitious plates in 2005 and 2006; failure to appear in 2006 (two); and unlicensed driving in 2006 (twice). His driving privileges were suspended in 2006, 2008 (three times), and 2011.

A-0373-19T1

In July 2018, the City notified Bermudez it was no longer considering his candidacy because of "his unsatisfactory work history as a Linden Public Safety Telecommunicator." In November 2018, Bermudez received a certification disposition notice stating: "Your name had been removed from [the] list [of candidates for police officer] due to your unsatisfactory driving record which relates adversely to the duties of this position."

Bermudez appealed the City's determination. He supplied the Commission with a recent driver's abstract[1] and argued the motor vehicle violations occurred when he was a young driver, he had no summonses since 2009, and had no points on his license since 2014. He argued his driving record did not evince "any disregard for the motor vehicle laws, behavior that would be incompatible with the duties of a law enforcement officer, and/or anything that would be inconsistent with the performance of the duties of a law enforcement officer."

On August 16, 2019, the Commission issued a final determination upholding Bermudez's removal from the eligibility list. The Commission made the following findings:

---

[1] Bermudez obtained the updated abstract by utilizing his position within the police department in violation of department rules and regulations, which in turn prompted an internal affairs investigation.

N.J.A.C. 4A:4-4.7(a)[(l)], in conjunction with N.J.A.C. 4A:4-6.l(a)[(7)], allows the . . . Commission[] to remove an eligible's name from an eligible list for having a prior employment history which relates adversely to the title.

N.J.A.C. 4A:4-4.7(a)[(l)], in conjunction with N.J.A.C. 4A:4-6.l(a)[(9)], allows the Commission to remove an eligible's name from an eligible list for other sufficient reasons. Removal for other sufficient reasons includes, but is not limited to, a consideration that based on a candidate's background and recognizing the nature of the position at issue, a person should not be eligible for appointment. The Commission has the authority to remove candidates from lists for law enforcement titles based on their driving records since certain motor vehicle violations reflect a disregard for the law and are incompatible with the duties of a law enforcement officer.

[(Citations omitted).]

Citing Bermudez's driver's license suspensions, employment terminations, disciplinary actions while employed for the City, and the misuse of his position to run an updated driver's abstract, the Commission concluded Bermudez's

background is not suitable to be a [p]olice [o]fficer. In this regard, it is recognized that a [p]olice [o]fficer is a law enforcement employee who must enforce and promote adherence . . . to the law. Police [o]fficers hold highly visible and sensitive positions within the community and . . . the standard for an applicant includes good character and an image of the utmost confidence and trust. It must be recognized that a municipal [p]olice [o]ffice[r] is a special kind of

4

employee. His primary duty is to enforce and uphold the law. He carries a service revolver on his person and is constantly called upon to exercise tact, restraint[,] and good judgment in his relationship with the public. He represents law and order to the citizenry and must present an image of personal integrity and dependability in order to have the respect of the public. See Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965) . . . . See also In re Phillips, 117 NJ. 567 (1990).

The Commission held Bermudez did not meet his burden of showing the City's decision to remove him from the list of eligible candidates was an error.

On appeal, Bermudez argues the Commission's decision is arbitrary, capricious, and unreasonable. He asserts when the City sought his removal from the eligibility list, it only cited his unsatisfactory driving record. He repeats the argument that his driving infractions occurred when was young and claims he matured since then. He reasserts his driving privileges were last suspended ten years before the Commission's decision, and there is no evidence he has disregarded the State's motor vehicle laws since then.

The scope of appellate review of an administrative agency's final determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Ibid. (alteration in

original) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Specifically, we must ask

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482-83 (2007) (citing Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

This highly deferential standard reflects the agency's expertise in administering its legislative authority. Stallworth, 208 N.J. at 194-95.

N.J.A.C. 4A:4-6.1 states: "(a) A person may be denied examination eligibility or appointment when he or she: . . . 7. Has a prior employment history which relates adversely to the title; [or] . . . 9. Other sufficient reasons." Therefore, pursuant to N.J.A.C. 4A:4-6.1(a)(9), the City's citation of Bermudez's driving record alone was adequate grounds to remove him from the eligibility list. As the record further developed on appeal before the Commission to include Bermudez's employment and disciplinary history as well as the incident involving the updated driver's abstract, it only bolstered the City's decision to

6

remove Bermudez from the eligibility list pursuant to N.J.A.C. 4A:4-6.1(a)(7) and (9).

For these reasons, we reject Bermudez's arguments and substantially affirm for the reasons expressed by the Commission. R. 2:11-3(e)(1)(D). The Commission's decision was neither arbitrary, capricious nor unreasonable, and was instead supported by sufficient credible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION